FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

# UNITED STATES DISTRICT COURT

2006 OCT -4  PM 4: 15

# SOUTHERN DISTRICT OF GEORGIA

CLERK_____
SO. DIST. OF GA.

# STATESBORO DIVISION

RONALD FUTCH, JR.,                )
                                  )
        Movant,                   )
                                  )
v.                                )        Case No. CV605-096
                                  )        [Underlying CR603-006]
UNITED STATES OF AMERICA,         )
                                  )
        Respondent.               )

## REPORT  AND  RECOMMENDATION

Movant has filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his federal prison sentence.  For the reasons set forth below, movant's petition should be DENIED.

## I.   BACKGROUND

A federal grand jury indicted movant and three co-defendants on November 19, 2003, on multiple drug counts.  CR603-006, doc. 1.  Movant was named in count one, which charged all defendants with conspiracy to manufacture, possess with intent to distribute, and to distribute 50 grams

or more of methamphetamine in violation of 21 U.S.C. § 846.  Id.  Count

two charged all defendants with possession of pseudoephedrine, a listed

chemical, with intent to manufacture methamphetamine in violation of 21

U.S.C. § 841(c)(1).  Id.  The indictment did not name movant in any of the

other counts.  Movant, represented by counsel Charles B. Merrill, pleaded

guilty to count two of the indictment.  CR603-006, doc. 98; id. Rule 11 Tr.

(doc. 113) at 78.

The probation officer prepared the Presentence Investigation Report

("PSI"), in which he recommended that movant be held accountable for

113.5 grams of pseudoephedrine, and calculated the base offense level at

thirty-two.  PSI ¶¶26, 27, 34.   After deducting three levels for acceptance

of responsibility, the resulting offense level was twenty-nine.  Id.  ¶¶32, 43.

Movant received two criminal history points for prior convictions,[1] and two

criminal history points for committing the instant offense while on

probation, for a total of four criminal history points and a criminal history

category of III.  Id.  ¶¶48-50.  With a total offense level of twenty-nine and

a criminal history category of III, the applicable sentencing guidelines range

_____

[1]Movant was assigned criminal history points on the basis of prior convictions for
theft and possession of marijuana.  PSI ¶¶45, 46.

2

was 108 to 135 months' imprisonment. Id. ¶65.

Movant objected to the attribution of the quantity of pseudoephedrine found at the home of his father and co-defendant, Ronald Futch, Sr., during a search conducted on October 9, 2002. PSI at Addendum. Movant claimed that he should only be held accountable for the 21.1 grams of pseudoephedrine that officers confiscated during a traffic stop of movant. Id. After rejecting movant's contention, the Court sentenced movant to 112 months' imprisonment, three years' supervised release, a special assessment in the amount of $100, and restitution in the amount of $911.92. CR603-006, doc. 100.

Movant appealed, claiming that the Court erred when it (1) attributed to him the pseudoephedrine found at his father's home in determining his base offense level and (2) failed to consider a minor-role reduction in the base offense level pursuant to U.S.S.G. § 3B1.2. CR603-006, doc. 116 at 2. The Eleventh Circuit affirmed the sentence. Id. at 6. Movant did not petition for certiorari. He filed the instant petition on September 9, 2005, asserting as grounds for relief that he had received ineffective assistance of counsel, that his sentence was imposed in violation of the Supreme Court's

rulings in <u>Blakely v. Washington</u> and <u>Apprendi v. New Jersey</u>, and that 21 U.S.C. § 841 is unconstitutional in light of <u>Apprendi</u>.  Doc. 1.

## II.   ANALYSIS

### A.   Ineffective assistance of counsel claim

To establish ineffective assistance of counsel, movant must satisfy the two-part test established by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  First, movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  <u>Id.</u> at 687. Second, movant must demonstrate that the defective performance prejudiced his defense to such a degree that the results of the trial are called into question.  <u>Id.</u>

Under the first prong, deficient performance is "that which is objectively unreasonable and falls below a wide range of competence demanded of attorneys in criminal cases."  <u>Cross v. United States</u>, 893 F.2d 1287, 1290 (11th Cir. 1990).   The reasonableness of the attorney's

performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. Strickland, 466 U.S. at 690. The movant must carry a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (citation omitted).

Under the prejudice prong, a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Movant contends that counsel was ineffective for failing to investigate the facts of the case and research the law, and that but for counsel's ineffectiveness, movant would not have pled guilty to count two. Doc. 1. Movant has failed to offer any evidence of counsel's alleged deficiency, however. A general assertion that counsel failed to investigate and perform legal research is not enough to obtain relief under § 2255. See Tejada v.

5

Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (petitioner failed to allege facts that would warrant habeas relief when his claims were merely conclusory allegations unsupported by specific facts) (internal citation omitted).

Furthermore, counsel indicated at the Rule 11 hearing that he had received open file discovery and that he discussed the discovery material with movant "item by item and page by page." Rule 11 Tr. at 40. Movant indicated to the Court that he was satisfied with the representation he had received from counsel. Id. at 41. These statements indicate that counsel's performance was not perceived by movant to be deficient in any way. But even if counsel had failed to conduct an investigation or perform legal research, movant does not state what information counsel would have uncovered or how such information would have changed movant's plea or sentence. Movant has failed to meet his burden under Strickland, since he has not shown that counsel's performance was deficient or that the result would have been different if counsel had performed further investigation and research as movant contends. Movant's bare assertions, devoid of factual support, are not enough to obtain relief on the ground that counsel

was ineffective for failing to investigate the facts of the case or research the law.

## B. <u>Blakely</u> and <u>Apprendi</u> claim

Movant claims that the sentence imposed by the Court violates <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), because his sentence was increased based on facts neither charged in the indictment nor admitted by him at sentencing.  Doc. 1.  The Court construes this claim as one based on <u>United States v. Booker</u>, 543 U.S. 220 (2005).  In <u>Booker</u>, the Supreme Court held that the principle announced in <u>Blakely</u> and <u>Apprendi</u>, that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt," was applicable to the U. S. Sentencing Guidelines.[2] <u>Booker</u>, 543 U.S. at 243-44.

<u>Booker</u>, however, does not apply retroactively to cases on collateral

---

[2]Movant also stated that he had not directly appealed his conviction on the basis of the <u>Blakely</u> and <u>Apprendi</u> decisions because the "rule came into being after [movant's] case was affirmed." Doc. 1. This statement further indicates that movant intends this claim to be based on <u>Booker</u>, since that case, unlike the <u>Blakely</u> and <u>Apprendi</u> decisions, was decided after the Eleventh Circuit affirmed his sentence.

review. Varela v. United States, 400 F.3d 864, 868 (11th Cir.), cert. denied,

126 S. Ct. 312 (2005). Movant's conviction became final on December 29,

2005, ninety days from the date on which the Eleventh Circuit affirmed his

conviction. See Kauffman v. United States, 282 F.3d 1336 (11th Cir. 2002)

(AEDPA's one-year limitation period begins to run on the date on which the

judgment of conviction becomes final. If movant does not file a petition for

certiorari in the Supreme Court, the date on which the conviction becomes

final is that on which the defendant's time for filing such a petition expires,

that is, ninety days after the appellate court affirms the conviction.). Since

Booker was decided on January 12, 2005, that case does not provide movant

with a basis for relief.

Furthermore, a challenge to the technical application of the

sentencing guidelines raises a non-constitutional issue that is simply not

cognizable on collateral review under 28 U.S.C. § 2255. Burke v. United

States, 152 F.3d 1329, 1331-32 (11th Cir. 1998) (citing United States v.

Payne, 99 F.3d 1273, 1281-82 (5th Cir. 1996)); Auman v. United States, 67

F.3d 157, 161 (8th Cir. 1995). See United States v. Frady, 456 U.S. 152, 165

(1982) (a collateral attack on a conviction "may not do service for an

appeal"); <u>Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir. 2004) ("'[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'") (quoting <u>Richards v. United States</u>, 837 F.2d 965, 966 (11th Cir. 1988) (internal quotations omitted)). Thus, to the extent movant claims errors regarding the technical application of the sentencing guidelines, even if potentially meritorious on direct appeal, such claims are not subject to review under § 2255. <u>Lynn</u>, 365 F.3d at 1232.

To the extent that movant is attempting to reassert as a <u>Booker</u> error the issue he raised on appeal, i.e., that the Court should not have attributed to him the 91.2 grams of pseudoephedrine found at his father's house, movant's claim is procedurally barred. "The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal. Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255" when the movant is attempting to re-characterize it as a claim under a different legal theory that was previously available to him. <u>United States</u>

v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) (internal quotations and citations omitted). Although movant is relying on Booker, a ground that was not previously available to him on appeal, that case does not apply retroactively and he cannot now assert it. Therefore, movant is not entitled to relief on this ground.

### C. Constitutionality of § 841

Movant's contention that 21 U.S.C. § 841 is unconstitutional in light of the Apprendi decision is barred by the procedural default doctrine, which provides that an available challenge to a federal conviction or sentence must be advanced on direct appeal or else the defendant is procedurally barred from presenting that claim in a § 2255 proceeding. Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004); Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994); see Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995) (because a defendant has a right to a direct appeal of his guidelines sentence, guidelines sentencing issues may not be raised in a § 2255 motion). Where a defendant fails to assert an available[3] claim on

---

[3]Certain claims are not available on direct appeal because the merits cannot be reviewed at the appellate level without further factual development. Mills v. United States, 36 F.3d at 1055. For example, a claim of ineffective assistance of counsel generally cannot be heard on direct appeal because there is insufficient evidence of record to resolve the issue without a hearing. Id. (citing United States v. Arango, 853

direct appeal, it will not be considered on collateral review unless defendant establishes one of the two exceptions to the procedural default rule. <u>Lynn</u>, 365 F.3d at 1234; <u>Mills</u>, 36 F.3d at 1055.  To avoid procedural default, a defendant must either (1) show cause for not raising the claim of error on direct appeal and actual prejudice resulting from the alleged error; <u>Cross v. United States</u>, 893 F.2d 1287, 1289 (11th Cir. 1990), or in the absence of a showing of cause, (2) demonstrate that a fundamental miscarriage of justice has probably resulted in the conviction of one who is actually innocent. <u>Lynn</u>, 365 F.3d at 1234; <u>Mills</u>, 36 F.3d at 1055.  Movant did not raise the issue of the constitutionality of § 841 on direct appeal.  Since movant has not demonstrated that either of the exceptions applies, this claim is procedurally defaulted.

Morever, the Eleventh Circuit upheld the constitutionality of § 841 following the <u>Apprendi</u> decision.  <u>See</u> <u>United States v. Sanchez</u>, 269 F.3d 1250, 1270 (2001) ("In light of <u>Apprendi</u>, there is constitutional error in a defendant's sentencing procedures [only] when drug quantity increases a defendant's sentence beyond the prescribed statutory maximum under §

---

F.2d 818, 823 (11th Cir. 1988)).

841(b)(1)(C), unless it was submitted to a jury and proven beyond a reasonable doubt."). The Eleventh Circuit reaffirmed this principle after the Supreme Court decided <u>Booker</u>. <u>See</u> <u>United States v. Davis</u>, 131 Fed. Appx. 661, 663 (11th Cir. 2005) (per curiam). Movant's contention that § 841 is unconstitutional thus does not provide him with grounds for relief.

## III. CONCLUSION

Based on the foregoing, the Court recommends that the instant § 2255 motion be DISMISSED.

**SO REPORTED AND RECOMMENDED** this _____ day of October, 2006.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA